**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | DOUGLAS WALTER TURRELL | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | District of Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN | PENNSYLVANIA | |
| Case number (If known) | 18-17071 - REF | | |

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

1. **Who is the creditor?**

   FORD MOTOR CREDIT COMPANY, LLC
   Name of the creditor

2. **How much is the debt?**

   On the date that the bankruptcy case is filed $ 5,263.21

   To be paid under the reaffirmation agreement $ 5,270.88

   $ 214.73 per month for 25 months (if fixed interest rate)

3. **What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

   Before the bankruptcy case was filed 1.90 %

   Under the reaffirmation agreement 1.90 % XX☐ Fixed rate

   ☐ Adjustable rate

4. **Does collateral secure the debt?**

   ☐ No

   ☑ Yes. Describe the collateral. 2012 FORD FUSION

   Current market value $ 8,425.00

5. **Does the creditor assert that the debt is nondischargeable?**

   ☑ No

   ☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

6. **Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.**

| Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement | |
|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 2463.57 | 6e. Monthly income from all sources after payroll deductions | $ 4549.47 |
| 6b. Monthly expenses from line 22c of Schedule J | − $ 2973.73 | 6f. Monthly expenses | − $ 2973.73 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | − $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | − $ 0 |
| 6d. **Scheduled net monthly income** Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ [510.16] | 6h. **Present net monthly income** Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. | $ 1,575.74 |

Debtor 1 _DOUGLAS WALTER TURRELL__
First Name Middle Name Last Name

Case number (*if known*) 18-17071 - REF

**7. Are the income amounts on lines 6a and 6e different?**

☐ No
☒ Yes. Explain why they are different and complete line 10. Debtor has obtained additional employment.

**8. Are the expense amounts on lines 6b and 6f different?**

☒ No
☐ Yes. Explain why they are different and complete line 10.

**9. Is the net monthly income in line 6h less than 0?**

☒ No
☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).
Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses.
Complete line 10.

**10. Debtor's certification about lines 7-9**

If any answer on lines 7-9 is *Yes*, the debtor must sign here.

If all the answers on lines 7-9 are *No*, go to line 11.

I certify that each explanation on lines 7-9 is true and correct.

✗ [signature] Signature of Debtor 1

✗ Signature of Debtor 2 (Spouse Only in a Joint Case)

**11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?**

☐ No
☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
☐ No
☒ Yes

**Part 2: Sign Here**

**Whoever fills out this form must sign here.**

**I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.**

✗ [signature]
Signature

Date 12/20/19
MM / DD / YYYY

HOWARD GERSHMAN, ESQUIRE
Printed Name

Check one:

☐ Debtor or Debtor's Attorney

☐ ✗✗ Creditor or Creditor's Attorney

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
DOUGLAS WALTER TURRELL

NO. 18-17071 REF
CHAPTER 7

**REAFFIRMATION AGREEMENT WITH FORD MOTOR CREDIT COMPANY, LLC**
**RE: CONTRACT DATED APRIL 29, 2015**
**FOR PURCHASE OF 2012 FORD FUSION MOTOR VEHICLE**

*[Indicate all documents included in this filing by checking each applicable box]*

- ☒ Part A: Disclosure Statement (Pages 1 -3)
- ☒ Part B: Reaffirmation Agreement (Page 4)
- ☒ Part C: Certification by Debtor's Attorney (Page 5)
- ☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
- ☐ Part E: Motion for Court Approval
- ☐ Proposed Order Approving Reaffirmation Agreement (Page 8)

*Complete part E only if the debtor is not represented by an attorney during the course of negotiating this agreement.*

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR(S)**
**1. DISCLOSURE STATEMENT**

DATE OF DISCLOSURE STATEMENT: **November 12, 2018**

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**
**SUMMARY OF REAFFIRMATION AGREEMENT. This Summary is made pursuant to the requirements of the Bankruptcy Code.**

| **AMOUNT REAFFIRMED:** | **ANNUAL PERCENTAGE RATE being reaffirmed:** |
|---|---|
| **$5,263.21 plus interest costs and fees per the Contract**<br>This is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure statement. Consult your credit agreement.<br>The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:<br><br>Attorney Fees: $ NONE<br>Costs: $ NONE | **1.90%**<br>**SIMPLE INTEREST LOAN**<br>**INTEREST ACCRUES DAILY**<br><br>**LAST PAYMENT RECEIVED:**<br>**$217.77 on October 23, 2018**<br><br>**NEXT DUE DATE:**<br>**November 13, 2018**<br><br>**ACCOUNT IS NOT PAST DUE** |

**Notice of Security Interest:** A security interest or lien in goods or property is asserted over the debt that you are reaffirming. If the lien has not been determined to be void by a final order of the court, **FORD MOTOR CREDIT COMPANY, LLC** ("Creditor") has a security interest in the motor vehicle described below:

Motor Vehicle (Make/Model/Year) **2012 FORD FUSION**
**ORIGINAL AMOUNT FINANCED—$13,436.55**

**REPAYMENT SCHEDULE**

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 25 payments remaining | $214.73 each | **13th** of each month beginning **November 13, 2018** |
| | | |
| | | |

**Simple Interest Contract Disclosure**: Your credit agreement is a simple interest contract. Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

**2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)**

**NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Reaffirming a debt is a serious financial decision**. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a security agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. This CREDITOR is NOT A CREDIT UNION. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).
**Frequently Asked Questions**:

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THIS DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**PART B: REAFFIRMATION AGREEMENT**

I/we (hereinafter "I" shall refer to debtor and co-debtor) agree to reaffirm the debts arising under the credit agreement described below. **A COPY OF THE AGREEMENT IS ATTACHED**

| **BRIEF DESCRIPTION OF CREDIT AGREEMENT:** | |
|---|---|
| Retail Installment Contract Date: | **APRIL 29, 2015** |
| Ford Credit Account No.: | **xxx-7627** |
| Non-Debtor Co-Buyer: | **LISA A. TURRELL** |
| Motor Vehicle Make/Model/Year: | **2012 FORD FUSION** |

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in the PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes to the credit agreement as part of this Reaffirmation Agreement, such changes are listed below:

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:**

NONE

**DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:**

**FORD MOTOR CREDIT COMPANY, LLC**
c/o Howard Gershman, Esquire
Gershman Law Offices, PC
610 York Road, Suite 200
Jenkintown, PA 19046

SIGNATURE(S):

Borrower (Debtor):
**DOUGLAS WALTER TURRELL**

(Signature)

Date: 7 December 18

Co-borrower (Co-Debtor),

(Signature)

Date:

Accepted by Creditor:

**FORD MOTOR CREDIT COMPANY, LLC**
(Print name)

(Signature)

Date of Creditor Acceptance: 12/20/18

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY** *To be filed only if he attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that:

1) this agreement represents a fully informed and voluntary agreement by the debtor,
2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and

3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

*[Check the following box if the presumption of undue hardship exists for this agreement]*

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payments under the Reaffirmation Agreement.

Signature of Debtor's Attorney: Jennifer R. Alderfer Date: 12/7/18
Jennifer R. Alderfer, Esquire

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*Read and complete paragraphs 1 and 2. Sign the appropriate signature line(s) and date your signature.*

*If you complete paragraphs 1 and 2 **AND** your income less monthly expenses does not leave enough money to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $4549.47, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $2973.73, leaving $1,575.74 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here: ______________________________.

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtor's Signature [signature] Date: 7 [illegible] 18
DOUGLAS WALTER TURRELL

Co-Debtor's Signature: ______________ Date: ______________

FMCC Reaff REF

## PENNSYLVANIA VEHICLE RETAIL INSTALLMENT CONTRACT

DATE 04/29/2015

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | SELLER/CREDITOR (Seller Name and Address) |
|---|---|
| LISA A TURRELL<br>5916 RICKY RIDGE TRAIL<br>Orefield, PA 18069 LEHIGH<br><br>DOUGLAS W TURRELL<br>5916 RICKY RIDGE TRAIL<br>Orefield, PA 18069 LEHIGH | CONSHOHOCKEN FORD INC<br>1403 1405 RIDGE PIKE<br>CONSHOHOCKEN, PA 19428 |

The Buyer (and Co-Buyer, if any) is referred to as "you" or "your". The Seller/Creditor is referred to as "we", "us" or "Seller". You, may buy the vehicle described below for cash or on credit. The cash price is shown on Page 2 as "Cash Price/Purchase Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid when you have made all scheduled payments | Total Sale Price<br>The total cost of your purchase on credit, including your downpayment of $ 2,000.00 |
|---|---|---|---|---|
| 1.90 % | $ 735.63 | $ 13,436.55 | $ 14,172.18 | $ 16,172.18 |

1-800-727-7000



www.fordcredit.com

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due ☒ Monthly ☐ Semi-Annually ☐ Annually |
|---|---|---|
| 66 | $ 214.73 | Starting: 06/13/2015 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 2.0 percent of the late amount.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

If you do not meet your contract obligations, you may lose your vehicle, as well as both parts and goods put on your vehicle and money or goods received for your vehicle.

### BALLOON CONTRACT PROVISIONS

☐ Your last installment payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**
If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Seller under Paragraph B, you must pay the Seller $0. N/A per mile for each mile in excess of N/A miles shown on the odometer.

**EXTRA MILEAGE OPTION CREDIT**
If this contract contains a balloon payment (as indicated above), and you have exercised your Option to sell the vehicle to the Seller under Paragraph B, this paragraph applies to your contract. At the scheduled end of this contract, You will receive a credit of $0. N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this contract. You will not receive any credit if the vehicle is destroyed, this contract ends early, or you are in default. You will not receive any credit if the credit is less than $1.00.

**The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.**



True and Accurate Completed Copy - UCC Non-Authoritative Copy



| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 52624 | 2012 Ford | Fusion | 3FAHP0JA6CR317572 | ☒ Personal ☐ Agricultural ☐ Commercial |

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price/Purchase Price (including) $ 15,158.00 (1)
   - a. Taxes ($ 858.00)
   - b. Charges for delivery ($ N/A)
   - c. Charges for servicing, repairing, or improving the motor vehicle ($ N/A)
   - d. Charges for accessories and installation ($ N/A)
   - e. Other (N/A $ N/A), (N/A $ N/A), and (N/A $ N/A) $ N/A
2. Down Payment
   - Third Party Rebate Assigned to Seller $ N/A
   - Cash Down Payment $ 2,000.00
   - Trade-in N/A (Year and Make) $ N/A (Gross Allowance) $ N/A (Amount Owing) $ N/A
   - Total Down Payment $ 2,000.00 (2)
3. Unpaid Balance of Cash Price/Purchase Price (1 minus 2) $ 13,158.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license ($ 25.55), title ($ 73.00), registration ($ 46.00) & fees ($ N/A);
     - (ii) for filing fees $ N/A ;
     - (iii) for taxes (not in Cash Price/Purchase Price) $ N/A $ 144.55
   - To Insurance Companies for:
     - Credit Life Insurance (for term of contract) $ N/A
     - Credit Disability Insurance (for term of contract) $ N/A
     - N/A (Term N/A Months) $ N/A
     - N/A (Term N/A Months) $ N/A
   - To CONSHOHOCKEN FORD INC for Documentary Preparation Charge $ 134.00
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - Total $ 278.55 (4)
5. Amount Financed (3 plus 4) $ 13,436.55 (5)
6. Finance Charge $ 735.63 (6)
7. Total of Payments/Time Balance (5 plus 6) $ 14,172.18 (7)

**Debt Cancellation Waiver Addendum (Optional)**

Purchase of the debt cancellation waiver is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into the contract. By signing below you agree to purchase the debt cancellation waiver for the price set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs A N/A



True and Accurate Completed Copy - UCC Non-Authoritative Copy

## INSURANCE

**YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.**
**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**
**CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.**

**Credit Life**

N/A — Insurance Company; $ N/A — Premium; N/A — Insured(s)

You want Credit Life Insurance.

B N/A — Buyer Signs; B N/A — Co-Buyer Signs

**Credit Disability**

N/A — Insurance Company; $ N/A — Premium; N/A — Insured(s)

You want Credit Disability Insurance.

C N/A — Buyer Signs; C N/A — Co-Buyer Signs

**Other Optional Insurance**

| Coverage | Insurance Company | Premium | Term in Months |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

You want the optional insurance for which premiums are included above.

N/A — Buyer Signs; N/A — Co-Buyer Signs

**Credit Life and Credit Disability insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.**

**Anti-Theft Product (Optional)**

The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| Product | $ | Term |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

D N/A — Buyer Signs

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy





Customer Completed Copy - 70018468

## ADDITIONAL AGREEMENTS

**A. Payments and Summary Notice:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding. If the vehicle is repossessed, you will not have the right to reinstate the contract unless the Sellers agrees. Any time after you sign the contract and within one year after the termination of the contract you may request a complete and detailed statement of account.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Seller has advanced funds to cure any default, you must pay back the Seller before the refinancing. You also must provide proof of insurance acceptable to Seller before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the lower of the APR agreed to by you and the Seller at the time of the refinancing or the maximum rate permitted by law. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within **36** months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within **36** months of the due date of the last installment payment. If you wish to refinance, you must notify the Seller in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

Third, you may sell the vehicle to the Seller for an amount equal to the last installment payment. You must pay to the Seller any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Seller the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Seller for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Seller, you must give the vehicle to the Seller no later than the last installment payment due date. At that time, you must also give the Seller a title, which shows no liens other than the Seller's lien, transferring ownership to the Seller or a person selected by the Seller. After the inspection, if you decide not to sell vehicle to the Seller, you must immediately contact the Seller and inform the Seller whether you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Seller under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to, those necessary to:

(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched body panels, paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Seller. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Seller.

**D. Security Interest:** You give the Seller a security interest in:

1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Seller. **If the vehicle is of a type normally used for personal use and the Seller, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by** law.

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Seller as the loss payee under the insurance policy. The Seller must approve the type and amount of insurance. **If the vehicle is lost, damaged or destroyed, you must pay the Seller what is still owed.**
You agree that the Seller can make a claim under the insurance policy. You authorize the insurance company to provide Seller any information Seller believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Seller. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Seller can claim benefits under these contracts and unless prohibited by law, terminate them to obtain refunds of unearned charges to reduce what you owe. If the Seller gets a refund on insurance, service contracts, or other contracts, the Seller will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Default:** You will be in default if:

1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Seller can exercise Seller's rights under this contract and Seller's other rights under the law.

**I. Repossession:** If you default, the Seller may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Seller may repossess (take back) the vehicle, too. Seller may also take goods found in or on the vehicle when repossessed and hold them for you.

**J. Your Right To Redeem:** If the vehicle is taken back, Seller will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Seller sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**K. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left (surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Seller. If you do not pay this amount when the Seller asks, the Seller may charge you interest at the highest lawful rate until you pay.

**L. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**M. Consumer Reports:** You authorize the Assignee to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**N. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**O. Applicable Law:** You agree that this contract will be governed by the laws of the state of Pennsylvania.

**P. General:** This contract contains the entire agreement between Seller and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Seller doesn't enforce Seller's rights every time, Seller can still enforce them later. Seller will exercise all of Seller's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to QI Exchange, in its capacity as Assignee's qualified intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

**Q. Electronic Records and Signatures and Conversion to Paper:** You agree to use electronic records and electronic signatures to document this contract. Your electronic signatures will have the same effect as signatures on a paper contract.

There will be one authoritative copy of this contract. It will be the electronic copy in a document management system the Creditor designates for storing it.

The Creditor may convert that authoritative copy to a paper original. The Creditor will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy







## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**

If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and (5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

## FTC NOTICES

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.***

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**Spanish Translation: Guia para compradores de vehiculos usados. LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.**

***Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.**

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION IN THIS CONTRACT.**

## NON-MODIFICATION DISCLOSURE

**Any change in this contract must be in writing and signed by you and the Seller.**

Buyer: Signs E ____________ Co-Buyer: Signs E ____________

**The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.**

**If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.**

## NOTICE TO BUYER

**Do not sign this contract in blank. You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights. Any holder of this consumer credit contract is subject to all claims and defenses which the buyer could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the buyer shall not exceed amounts paid by the buyer hereunder.**

F ____________ Buyer Signs F ____________ Co-Buyer Signs

**Buyer (and Co-Buyer) acknowledge that (i) before electronically signing this contract, Buyer (and Co-Buyer) received and reviewed a true and completely filled in paper copy of this contract and (ii) at the time of electronically signing this contract, Buyer (and Co-Buyer) received a true and completely filled in paper copy of this contract.**

G ____________ Buyer Signs G ____________ Co-Buyer Signs

Seller CONSHOHOCKEN FORD INC By H ____________ Title FINANCE MANAGER

**THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.**

## GUARANTY

To cause the Seller to sell the vehicle described in this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also signs this Guaranty. Each Guarantor also agrees to be liable even if the Seller does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed paper copy of this contract and this Guaranty at the time of electronically signing.

Guarantor N/A Address N/A

Guarantor N/A Address N/A

## ASSIGNMENT

**Seller will assign this contract electronically to** Ford Motor Credit Company LLC **("Assignee"). That Assignee will then have all the Seller's rights, privileges, and remedies. To contact Assignee about this contract, call** 1-800-727-7000**, or visit their website at** www.fordcredit.com.

Seller CONSHOHOCKEN FORD INC By I ____________ Title FINANCE MANAGER



True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy